■ LONG ISLAND LIGHTING COMPANY, Plaintiff, and KEYSPAN CORPORATION, Appellant, v CENTURY INDEMNITY COMPANY et al., Respondents, et al., Defendants. [861 NYS2d 616]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 4, 2007, which denied plaintiff KeySpan's motion to vacate a prior judgment dismissing its claim relating to the Syosset Landfill Superfund site, and for leave to amend its complaint to separately restate the claims for each of the damage sites at issue, unanimously affirmed, with costs.

We reject KeySpan's argument that the IAS court had the authority, pursuant to CPLR 5015 (a) (5) or inherently, to vacate the final order of dismissal and judgment previously entered in connection with the Syosset Landfill claim. In order to vacate an order of dismissal under CPLR 5015 (a) (5), that prior disposition must have been reversed, modified or vacated. Here, the IAS court's final order and judgment of dismissal was based on its December 2003 prior order granting the motions of defendants Century and General Reinsurance for summary judgment on the Syosset Landfill claims based on late notice, which was affirmed on appeal; thus, KeySpan cannot point to a prior order that has been reversed, modified or vacated.

In addition, a "court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party 'from judgments taken through [fraud,] "mistake, inadvertence, surprise or excusable neglect" ' " (*Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984]). KeySpan's mistaken belief that the November 2006 order and the January 2007 judgment expressly severing the Syosset Landfill claims from the remainder of the claims would be a proper final judgment that would be accepted for review by the Court of Appeals cannot be the basis for vacating a final judgment and order (*see e.g. Matter of Parkchester Apts. Co. v Lefkowitz*, 41 NY2d 987, 991 [1977]).

We further reject KeySpan's contention that the IAS court abused its discretion when it denied leave to amend the complaint, as the lengthy procedural history of this case indicates that the parties would be prejudiced by further delay in the proceedings, and because the motion lacked merit (*see Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82 [2007]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ.