■ In the Matter of LOUIS R. ROSENTHAL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [868 NYS2d 820]—

Per Curiam.

Petitioner charges that respondent, while serving as counsel to the public administrator of Kings County, engaged in professional misconduct.

Having issued an order declaring that no factual issues are raised by the pleadings with respect to respondent and having heard respondent in mitigation (*see* 22 NYCRR 806.5), we now find him guilty of the following professional misconduct.

In his capacity as counsel to the public administrator of Kings County, respondent charged and collected excessive fees, in contravention of SCPA 1108 (2) (c) and in violation of the Appellate Division disciplinary rules (*see* Code of Professional Responsibility DR 2-106 [a], [c] [3] [22 NYCRR 1200.11 (a), (c) (3)]) (charge II). Specifically, respondent was appointed counsel to the public administrator in 1997 and then, for a period of about five years, he failed to comply with a 1993 amendment to SCPA 1108 (2) which requires that before any fee is considered and approved by Surrogate's Court, counsel to the public administrator must submit an affidavit of legal services detailing the services rendered, time spent, and the method or basis by which compensation is requested. The 1993 amendment was part of a reform effort stemming from an investigation of abuse of compensation to such counsels by the New York State At-

torney General and Comptroller. During the five-year period, the Surrogate awarded respondent $8,613,009.35 in legal fees. Of that amount, a little less than one fourth was net income to respondent (*see Matter of Feinberg*, 5 NY3d 206, 213 [2005]). In May 2002, after respondent learned that an article was about to appear in a newspaper concerning his receipt of excessive fees, he met with the Surrogate who directed him to submit, nunc pro tunc, affidavits of legal services detailing the work respondent completed on estate files from the date of his appointment. He did so, but not a single fee was adjusted by the Surrogate (*see Matter of Feinberg*, 57 AD3d 1087 [2008] [decided herewith]).

Respondent asserts that review of the affidavits by the Attorney General did not result in any adjustments either. Respondent also handled these legal matters without adequate preparation (*see* Code of Professional Responsibility DR 6-101 [a] [2] [22 NYCRR 1200.30 (a) (2)]) (charge III). Specifically, after his appointment as counsel to the public administrator, rather than review and properly discharge his obligations pursuant to SCPA 1108 (2) (c), respondent regularly requested the same percentage fee drawn from the estates. Moreover, his fee requests were submitted on post-it notes attached to the formal decree instead of the required affidavits of legal services.

In determining an appropriate disciplinary sanction for respondent's serious professional misconduct, we conclude that respondent failed to ethically discharge his public trust as counsel to the public administrator in a manner consonant with his duties under the SCPA and the Code of Professional Responsibility. We have further considered that he charged excessive fees over a five-year period, collected the fees in violation of a clear statutory mandate designed to protect the funds of the estates he was representing, and the total fees collected were substantial. We also note the condemnatory language set forth in the Court of Appeals decision removing the Surrogate and stating that the taint of favoritism in the matter was strong (*Matter of Feinberg*, 5 NY3d at 216). To his credit, we note respondent's unblemished public disciplinary record. In view of all the circumstances presented, and in order to deter similar misconduct, protect the public, and preserve the reputation of the bar, we conclude that respondent should be suspended from practice for a period of two years.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that respondent is found guilty of charges II and III of the petition of charges as charged and specified; and it is further ordered that charge V is dismissed with respect to respondent; and it is further ordered that respondent is suspended

from the practice of law for a period of two years, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).