■ In the Matter of MICHAEL H. FEINBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [868 NYS2d 413]—

Per Curiam.

Petitioner charges respondent with misconduct while serving as Kings County Surrogate following his election to that office in 1996. A determination by the State Commission on Judicial Conduct to remove respondent from the bench was accepted by the Court of Appeals in 2005 (*Matter of Feinberg*, 5 NY3d 206 [2005]).

Having issued an order declaring that no factual issues are raised by the pleadings with respect to respondent and having heard respondent in mitigation (*see* 22 NYCRR 806.5), we now find him guilty of the following professional misconduct.

Respondent engaged in conduct prejudicial to the administration of justice which conduct adversely reflected on his moral character, respect for the law, and fitness as an attorney, in violation of the Appellate Division disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Specifically, respondent failed to acquaint himself with a 1993 amendment to SCPA 1108 (2), which requires that any fee application made to Surrogate's Court by counsel to the public administrator be supported by an affidavit

of legal services setting forth in detail the services rendered, the time spent, and the method or basis by which compensation is requested. The 1993 amendment was part of a reform effort stemming from an investigation of abuse of compensation to such counsels by the New York State Attorney General and Comptroller. Upon becoming Surrogate in 1997, respondent replaced a law firm that had been acting as counsel to the public administrator for many years with Louis R. Rosenthal, a long-time friend, law school classmate, and former colleague on the civil court bench. Respondent conducted no public search for the new counsel. Thereafter, over a span of about five years, respondent awarded $8,613,009.35 in legal fees to Rosenthal without requiring that Rosenthal comply with SCPA 1108 (2) (c) by submitting affidavits of legal services. During most of this period, respondent failed to give individualized consideration to each fee application made by Rosenthal. In the spring of 2002, when respondent learned of an impending newspaper expose of his office, he directed Rosenthal to submit affidavits of legal services, nunc pro tunc, all of which he approved without adjustment (*see Matter of Rosenthal*, 57 AD3d 1085 [2008] [decided herewith]).

In its decision, the Court of Appeals stated, among other things, that respondent was under an obligation to familiarize himself with the contents of the SCPA and his failure to know of and adhere to the requirements of SCPA 1108 (2) (c) demonstrated a shocking disregard for the very law that imbued him with authority. Further, he repeatedly disregarded the clear statutory mandates of his office over the course of more than five years and 475 proceedings, educating himself on the SCPA requirements only in response to the newspaper's investigatory series. According to the Court of Appeals, the record reflected not mere lapses or errors in judgment, but a wholesale failure of respondent's duty, an indifference, if not cynicism, toward his judicial office, and a debasement of his office that eroded public confidence in the integrity of the Judiciary. The Court of Appeals also concluded that the taint of favoritism in the case was strong (*Matter of Feinberg*, 5 NY3d at 216).

Considering all of the circumstances presented, and noting that an attorney may be charged with professional misconduct for the same acts for which he has been disciplined as a judge (*see Matter of Intemann*, 165 AD2d 974 [1990]), we conclude that, to protect the public and preserve the reputation of the bar, respondent's misconduct warrants disbarment.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that respondent is found guilty of charge I of the peti-

tion of charges as charged and specified; and it is further ordered that charge V is dismissed with respect to respondent; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).