■ PHOENIX LIFE INSURANCE COMPANY, Appellant-Respondent, v THE IRWIN LEVINSON INSURANCE TRUST II, Respondents-Respondents. LIFE PRODUCT CLEARING, LLC, Nonparty Respondent-Respondent-Appellant; STEVEN LOCKWOOD et al., Nonparty Respondents. [895 NYS2d 366]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 1, 2009, which granted motions by the nonparty witnesses to quash certain subpoenas served by plaintiff, and order, same court and Justice, entered August 24, 2009, which denied without prejudice plaintiff's motion for leave to amend the pleadings, unanimously affirmed, without costs.

Plaintiff seeks rescission of a life insurance policy on the ground, inter alia, that the policy, which was procured by the insured Irwin Levinson, was immediately transferred into an irrevocable trust, and then, within days and prior to the payment of any premium by the insured, was transferred to unidentified third parties in exchange for payment of a substantial sum, was procured for the benefit of a "stranger investor" pursuant to a STOLI (stranger originated life insurance) arrangement, and was thus void for lack of an insurable interest under Insurance Law § 3205. Plaintiff sought documents from the nonparty witnesses with information on similarly structured transactions in which the STOLI participants had participated; the relationship among the STOLI participants; the STOLI participants' understanding, marketing and mutual correspondence with respect to STOLI policies and insurable interest requirements; financing, revenues and costs with respect to STOLI transac-

tions; investigations and terminations that involved some insurable interest or STOLI concern; and the ownership, management, structure, creation and general business purpose of nonparty Life Product Clearing.

The court properly quashed the subpoenas as they related to the relationship among the alleged STOLI participants and a pattern of procuring policies pursuant to similar arrangements, inasmuch as such information would not prove whether the insured here intended to participate in a STOLI scheme, and there is no indication that documents pertaining to policies other than the policy at issue here would be relevant to establish the insured's intent (*Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 112 [2006]; *Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 342 [1997]). Even were there evidence of fraudulent intent in those documents, that evidence would relate to the intent of the unknown third parties, and not the intent of the insured.

The court did not abuse its discretion in denying plaintiff's motion to amend the complaint to add claims of fraud and conspiracy to commit fraud against the Lockwood and Life Product nonparties, in order to support the broad discovery previously denied, particularly since it did so without prejudice to renewal after discovery, given that the proposed amendment would entail extensive discovery into other policies that would further delay and unnecessarily complicate the case (*see Long Is. Light. Co. v Century Indem. Co.*, 52 AD3d 383, 384 [2008]). Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 31191(U).]**