■ In the Matter of MARVIN ADELSON, Deceased. (Proceeding No. 1.) In the Matter of ROBERT BROWN, Deceased. (Proceeding No. 2.) In the Matter of PATRICIA LAYNE, Deceased. (Proceeding No. 3.) In the Matter of ELAINE HIRSCH, Deceased. (Proceeding No. 4.) In the Matter of MANUEL GOMEZ, Deceased. (Proceeding No. 5.) In the Matter of ROBERT J. GEE, Deceased. (Proceeding No. 6.) In the Matter of JOHN BROSNAN, Deceased. (Proceeding No. 7.) In the Matter of IRVING FEINMAN, Deceased. (Proceeding No. 8.) In the Matter of PHYLLIS FARBER, Deceased. (Proceeding No. 9.) In the Matter of JOSEPH DIMARCO, Deceased. (Proceeding No. 10.) In the Matter of MANUS BOYLE, Deceased. (Proceeding No. 11.) In the Matter of GARY FINKEL, Deceased. (Proceeding No. 12.) In the Matter of SHIRLEY FERDMAN, Deceased. (Proceeding No. 13.) In the Matter of NORMA DEHEYMAN, Deceased. (Proceeding No. 14.) In the Matter of AUDREY CONWAY, Deceased. (Proceeding No. 15.) In the Matter of HOWARD K. GREEN, Deceased. (Proceeding No. 16.) In the Matter of MICHAEL MELNICK, Deceased. (Proceeding No. 17.) In the Matter of RENE ECK, Deceased. (Proceeding No. 18.) In the Matter of MARY DORAN, Deceased. (Proceeding No. 19.) In the Matter of ALEX COOPER, Deceased. (Proceeding No. 20.) LOUIS R. ROSENTHAL, Appellant; ATTORNEY GENERAL STATE OF NEW YORK et al., Respondents. [921 NYS2d 884]—

In 20 estate accounting proceedings, Louis R. Rosenthal, former counsel to the Public Administrator of Kings County, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated October 21, 2009, as granted those branches of the separate motions of the Attorney General of the State of New York which were to vacate those portions of 20 decrees of the same court which ap-

proved and awarded attorney's fees to him as counsel for the Public Administrator of Kings County in the subject proceedings.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 5015 (a), a court may vacate a decree upon the grounds of excusable default, newly discovered evidence, fraud, misrepresentation or other misconduct, lack of jurisdiction to render the decree, or reversal of a prior order or decree upon the which the decree being vacated is based. Additionally, a court may exercise its inherent powers to "vacate its own [decree] for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see Ladd v Stevenson*, 112 NY 325, 332 [1889]; *Alderman v Alderman*, 78 AD3d 621 [2010]). Under the unique facts of these cases, the Surrogate's Court properly vacated those portions of the decrees in the subject proceedings which approved and awarded attorney's fees to Louis R. Rosenthal as counsel for the Public Administrator of Kings County on the ground of misconduct (*see* CPLR 5015 [a] [3]). In support of the various motions, the Attorney General demonstrated that Rosenthal "charged and collected excessive fees, in contravention of SCPA 1108 (2) (c)" in his capacity as a counsel to the Public Administrator of Kings County (*Matter of Rosenthal*, 57 AD3d 1085, 1085 [2008]). Moreover, to the extent that the Surrogate's Court relied on its inherent authority to vacate decrees in the interest of substantial justice, rather than its statutory authority under CPLR 5015 (a) (3), such reliance was proper, as the statutory grounds are subsumed by the court's broader inherent authority (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 68; *Ladd v Stevenson*, 112 NY at 332; *Katz v Marra*, 74 AD3d 888, 890 [2010]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.