■ In the Matter of JOSE ALAYON, Deceased. LOUIS R. ROSENTHAL, Appellant; ATTORNEY GENERAL OF THE STATE OF NEW YORK et al., Respondents. [927 NYS2d 610]—

Pursuant to CPLR 5015 (a), a court may vacate a decree upon the grounds of excusable default, newly discovered evidence, fraud, misrepresentation or other misconduct, lack of jurisdiction to render the order, or reversal of a prior order or judgment upon which the current order is based. Additionally, a court may exercise its inherent powers to "vacate its own [decree] for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see Ladd v Stevenson*, 112 NY 325, 332 [1889]; *Alderman v Alderman*, 78 AD3d 621 [2010]). Under the unique facts of this case, the Surrogate's Court properly vacated so much of the decree as approved and awarded an attorney's fee to Louis R. Rosenthal, as counsel for the Public Administrator of Kings County, on the ground of Rosenthal's misconduct (*see* CPLR 5015 [a] [3]; *Matter of Adelson*, 84 AD3d 952 [2011]). In support of his order to show cause, the Attorney General demonstrated that Rosenthal "charged and collected excessive fees, in contravention of SCPA 1108 (2) (c)" in his capacity as a counsel to the Public Administrator of Kings County (*Matter of Rosenthal*, 57 AD3d 1085, 1085 [2008], *cert denied* 558 US —, 130 S Ct 90 [2009]). Moreover, to the extent that the Surrogate's Court neglected to specify whether it was relying on its statutory authority to vacate decrees under CPLR 5015 (a), or its inherent authority to vacate decrees in the interest of substantial justice, such a failure does not render the Surrogate's Court's action improper, as the statutory grounds are subsumed by the court's broader inherent authority (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 68; *Ladd v Stevenson*, 112 NY at 332; *Katz v Marra*, 74 AD3d 888, 890 [2010]).

Rosenthal's remaining contentions are without merit. Rivera, J.P., Covello, Florio and Lott, JJ., concur.