■ WELLS FARGO BANK, Appellant, v LUCINA HODGE et al., Defendants, and JOSEPH CALLENDER, Respondent. [939 NYS2d 98]—

A court has inherent power to vacate a judgment entered upon default "for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see Mother of Alayon*, 86 AD3d 644 [2011]). Under the circumstances of this case, the Supreme Court properly exercised its inherent power to relieve the defendant Joseph Callender (hereinafter the defendant) of his default

based on evidence demonstrating that he was the victim of a scheme to defraud, in which he was induced to sign documents conveying his home to a "straw" buyer.

The plaintiff's contention that the Supreme Court erred in granting the equitable relief of vacatur of the judgment of foreclosure and sale at issue because the movant had unclean hands is without merit. The doctrine of unclean hands is used only to bar the grant of equitable relief to a party who is "guilty of immoral, unconscionable conduct and even then only 'when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct (*Green v. Le Beau*, 281 App. Div. 836; 2 Pomeroy on Equity Jurisprudence [5th ed.], § 399, p. 99)' (*Weiss v. Mayflower Doughnut Corp.*, 1 NY2d 310, 316; *see* 32 Boston U. L. Rev. 66 et seq.)" (*National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *see Gilpin v Oswego Bldrs., Inc.*, 87 AD3d 1396, 1399 [2011]; *Columbo v Columbo*, 50 AD3d 617, 619 [2008]). "It is a well-settled exception to the [un]clean hands doctrine that one who, although at fault, is not equally at fault, will not be denied equitable relief (*see, Miseveth v Pribishuk*, 85 NYS2d 595)" (*Dillon v Dean*, 158 AD2d 579, 580 [1990]).

Here, the evidence presented at the hearing held before the referee supports the Supreme Court's finding that while the defendant cannot claim to be completely blameless, he was less culpable in the fraudulent transaction than the plaintiff's assignor. Further, the plaintiff's assignor also was significantly more sophisticated than the defendant. We therefore decline to find that the defendant was barred from seeking vacatur of the judgment of foreclosure and sale by the doctrine of unclean hands (*see Janke v Janke*, 47 AD2d 445, 450 [1975], *affd* 39 NY2d 786 [1976]).

Furthermore, the plaintiff failed to establish that it was a bona fide encumbrancer for value, as the record indicates that the circumstances under which its assignor conveyed the mortgage in question were such that a reasonably prudent lender would have made inquiries about the true nature of the transaction (*see Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *Mathurin v Lost & Found Recovery, LLC*, 65 AD3d 617, 618-619 [2009]).

Accordingly, the Supreme Court properly granted the defendant's motion, inter alia, to vacate the judgment of foreclosure and sale. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.