The court correctly dismissed Metal Sales’ common-law indemnification claims. Metal Sales failed to offer evidence showing that liability on its part, if any, was only vicarious visa-vis Total Safety or the H.R.A.D. defendants (see generally McDermott v City of New York, 50 NY2d 211, 216-217 [1980]; Edge Mgt. Consulting, Inc. v Blank, 25 AD3d 364, 367 [1st Dept 2006], lv dismissed 7 NY3d 864 [2006]).
Metal Sales’ contribution claims should not have been dismissed. The court’s order entered November 10, 2010 did not expressly grant relief, either way, as to those claims. To the extent that language in the court’s memorandum decision might be interpreted as dismissing the contribution claim against Total Safety pursuant to General Obligations Law § 15-108 (b) based on the court’s mistaken belief that Total Safety had obtained a release from liability in conjunction with a settlement of the main action, Metal Sales should be relieved of that finding (see generally CPLR 5015 [a] [2], [3]; 2221 [e]; cf. Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384 [1st Dept 2008]; Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739 [1984]). Indeed, the finding was based on Total Safety’s inaccurate, unequivocal statement that it had obtained a release from the project manager and general contractor who had settled in the main action. Total Safety’s inaccurate assertion came to light only after entry of the court’s order. Further, after the end of lengthy discovery, Metal Sales diligently sought *508 to conform its claims to the evidence, which, as found by the motion court, reflected a basis for finding that the acts and/or omissions of Total Safety and the H.R.A.D. defendants had potentially contributed to plaintiffs fall and injury. Concur— Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.