At the outset of this child support proceeding, the Family Court granted the mother’s motion to reinstate her petition, which had previously been dismissed without prejudice when the mother failed to appear in court on an adjourned date. Upon reinstatement of the petition, both the father and mother appeared in court and litigated the issue of child support on the merits. Approximately one month after an order of support was entered on the petition, the father moved to vacate his default in opposing the mother’s prior motion to reinstate the petition, arguing that he was never served with that prior motion. The Support Magistrate scheduled a hearing to determine the validity of service of the mother’s prior motion. The mother failed to appear at that hearing and, on the basis of her default, the Support Magistrate granted the father’s motion to vacate his default in opposing the mother’s prior motion to reinstate the petition, dismissed the petition, and vacated the order of support.
The mother then moved to vacate her default in appearing at the hearing to determine the validity of service of her prior motion to reinstate the petition. The Support Magistrate denied that motion, and the mother filed an objection to that ruling. The Family Court granted that objection.
Under the circumstances of this case, the Family Court *783 providently exercised its discretion in determining that the mother’s default in appearing at the hearing regarding service of her earlier motion should be vacated and that her petition for support, and the order of support entered thereon, should be reinstated (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Wells Fargo Bank v Hodge, 92 AD3d 775 [2012]; Matter of Alayon, 86 AD3d 644, 645 [2011]; cf. European Am. Bank v Harper, 163 AD2d 458, 460 [1990]). The father waived any objection to service of the prior motion by appearing in the proceeding and participating in the support hearing on the merits (see Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827 [2011]; Matter of Roslyn B. v Alfred G., 222 AD2d 581 [1995]). He did not request dismissal of the proceeding or vacatur of his default in opposing the mother’s prior motion due to lack of service until after the merits of the petition had been litigated and an order of support issued. Under these circumstances, his motion to vacate his default due to such alleged lack of service should have been summarily denied. Accordingly, the Family Court properly granted the mother’s objection and reinstated both the petition and the order of support. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.