Matter of Phillips (2018 NY Slip Op 05313)





Matter of Phillips


2018 NY Slip Op 05313


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-01011
 (Index No. 1681/12)

[*1]In the Matter of John L. Phillips, Jr., deceased. Samuel Boykin, petitioner; Public Administrator of Kings County, respondent-respondent; 750 Nostrand Avenue Corp., nonparty-appellant. (Matter No. 1)
 (File No. 2090/08)
Citadel of Praise and Worship, Inc., plaintiff-respondent, Samuel Boykin, etc., defendant. (Matter No. 2)


Alter & Barbaro, Brooklyn, NY (Do Lee and Bernard M. Alter of counsel), for nonparty-appellant.
Lewis & Fiore, New York, NY (Charles G. Fiore of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding to remove restrictions on the sale of real property, nonparty 750 Nostrand Avenue Corp. appeals from a decree of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated January 21, 2015. The decree, insofar as appealed from, vacated so much of a decree of the same court dated December 19, 2012, as authorized the sale of certain real property to the appellant for a purchase price of $800,000.
ORDERED that the decree dated January 21, 2015, is affirmed insofar as appealed from, with costs.
Samuel Boykin (hereinafter the Administrator) was appointed administrator of the [*2]estate of John L. Phillips, Jr., with a restriction on selling any real property of the estate without court approval. In May 2011, the Administrator entered into a contract to sell certain real property which was part of the estate (hereinafter the subject premises) to Citadel of Praise and Worship, Inc. (hereinafter Citadel), for the purchase price of $700,000. On May 1, 2012, the Administrator canceled the contract of sale due to Citadel's alleged inability to close. That same day, the Administrator entered into a contract to sell the subject premises to the appellant for the purchase price of $800,000. On November 13, 2012, the Administrator commenced a proceeding in the Surrogate's Court for, inter alia, authorization to sell the subject premises to the appellant for the purchase price of $800,000. In a decree dated December 19, 2012, the Surrogate's Court granted the petition and approved the proposed sale. The net proceeds were to be placed in escrow with the estate's attorney pending further order of the court.
Meanwhile, in June 2012, Citadel commenced an action in the Supreme Court against the Administrator, seeking, inter alia, specific performance of its contract of sale. Citadel moved for a preliminary injunction, and on August 1, 2012, the Supreme Court issued a temporary restraining order barring the Administrator from entering into a contract of sale or conveying the subject premises pending hearing of the motion. The motion was not heard until April 2013, at which time the Supreme Court denied the motion and transferred the matter to the Surrogate's Court, with leave to Citadel to renew its motion in the Surrogate's Court.
The Administrator then filed an order to show cause and petition in the Surrogate's Court to dismiss Citadel's action and vacate a notice of pendency that had been filed by Citadel. Citadel cross-moved, among other things, to vacate the court's approval of the sale of the subject premises to the appellant, and for approval of a sale of the premises to Citadel in accordance with its contract of sale. A trial commenced, but on the second day of trial, the Surrogate's Court was advised that there were pending federal tax liens on the subject premises, that there were unsatisfied federal tax liens on other real properties that were part of the estate that had been previously sold by the Administrator, and that only approximately $320,000 of the $2.2 million in proceeds from those prior sales remained in escrow. In a decree dated January 21, 2015, the Surrogate's Court, among other things, revoked the Administrator's letters of administration, granted temporary letters of administration to the Public Administrator of Kings County, and vacated that portion of its decree dated December 19, 2012, which authorized the sale of the subject premises to the appellant for the purchase price of $800,000. The appeal is from so much of the decree dated January 21, 2015, as vacated that portion of the decree dated December 19, 2012, which authorized the sale of the subject premises to it for the purchase price of $800,000.
A court has an inherent discretionary power to vacate its own decree "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Ladd v Stevenson, 112 NY 325, 332; Matter of Alayon, 86 AD3d 644, 645; Matter of Adelson, 84 AD3d 952, 953; Matter of Blaukopf, 73 AD3d 1040, 1041; Matter of Culberson, 11 AD3d 859, 861). This inherent authority "should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Katz v Marra, 74 AD3d 888, 890; Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384).
Here, during the truncated trial, the Surrogate's Court noted that it would not have approved the proposed sale of the subject premises to the appellant had it been informed that there [*3]was a pending action in the Supreme Court and temporary restraining order in relation to the subject premises. Accordingly, we agree with the Surrogate's Court's determination vacating so much of its prior decree as authorized the sale of the subject premises to the appellant "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court