IndyMac Bank, FSB v Izzo (2018 NY Slip Op 08014)





IndyMac Bank, FSB v Izzo


2018 NY Slip Op 08014


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-10274
2016-10275
 (Index No. 4111/08)

[*1]IndyMac Bank, FSB, respondent, 
v
Teresa E. Izzo, etc., et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
McCabe, Weisberg & Conway, P.C., New Rochelle, NY (Matthew S. Blum of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Teresa E. Izzo, also known as Theresa E. Izzo, and Robert G. Izzo appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 25, 2016, and (2) an order of the same court entered June 7, 2016. The order entered June 7, 2016, granted the plaintiff's motion to vacate an order of discontinuance of the same court entered January 27, 2014, and to restore the action to the active calendar, and denied the cross motion of the defendants Teresa E. Izzo, also known as Theresa E. Izzo, and Robert G. Izzo to impose sanctions pursuant to 22 NYCRR 130-1.1.
ORDERED that the appeal from the order entered May 25, 2016, is dismissed, as the order was superseded by the order entered June 7, 2016, and, in any event, the appeal has been rendered academic by our determination on the appeal from the order entered June 7, 2016; and it is further,
ORDERED that the order entered June 7, 2016, is modified, on the law, by deleting the provisions thereof granting the plaintiff's motion to vacate the order of discontinuance entered January 27, 2014, and to restore the action to the active calendar, and substituting therefor a
provision denying the motion; as so modified, the order entered June 7, 2016, is affirmed, and the order entered May 25, 2016, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In March 2008, the plaintiff commenced this action to foreclose a mortgage given by the defendants Teresa E. Izzo, also known as Theresa E. Izzo, and Robert G. Izzo (hereinafter together the defendants) to secure a note. After issue was joined with respect to the defendants, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. The Supreme Court granted the plaintiff's motion, and, in July 2009, entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject property.
In November 2013, the plaintiff's former counsel moved, inter alia, to cancel the [*2]notice of pendency, to vacate the order awarding summary judgment and the judgment of foreclosure and sale, and to discontinue the action. By order entered January 27, 2014 (hereinafter the order of discontinuance), the Supreme Court granted the plaintiff's motion, vacated the order granting summary judgment and the judgment of foreclosure and sale, and thereupon discontinued the action.
Approximately two years later, after a change of counsel, the plaintiff moved to vacate the order of discontinuance and to restore the action to the active calendar. The defendants opposed the motion and cross-moved to impose sanctions pursuant to 22 NYCRR 130-1.1. By order entered May 25, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In an order entered June 7, 2016, the court, inter alia, granted the same relief. The defendants appeal from the orders entered May 25, 2016, and June 7, 2016.
While courts have discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384).
Here, the plaintiff asserted that the action was erroneously discontinued by prior counsel due to confusion generated by an impending substitution of counsel. "Where a party asserts law office failure, it must provide a detailed and credible explanation of the default'" (GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138, quoting People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286), and conclusory and unsubstantiated allegations of law office failure are insufficient (see U.S. Bank N.A. v Barr, 139 AD3d 937, 938; Wells Fargo Bank, N.A. v. Cervini, 84 AD3d 789, 789). Contrary to the plaintiff's contention, the uncorroborated representation by its current counsel that the action was erroneously discontinued by prior counsel did not constitute a detailed and credible explanation warranting vacatur of the order of discontinuance and restoration of the action (see Onewest Bank, FSB v Singer, 153 AD3d 714, 716; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the order of discontinuance and to restore the action to the active calendar.
The Supreme Court providently exercised its discretion in declining to impose sanctions pursuant to 22 NYCRR 130-1.1.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court