Wells Fargo Bank, N.A. v Dara (2020 NY Slip Op 01110)





Wells Fargo Bank, N.A. v Dara


2020 NY Slip Op 01110


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01528
2017-10645
 (Index No. 5009/12)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Frank Dara, et al., appellants, et al., defendants.


Joseph M. Dara, Baldwin, NY, for appellants.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Femano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Frank Dara and Judi Dara appeal from (1) a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 5, 2016, and (2) an order of the same court entered September 5, 2017. The judgment of foreclosure and sale, upon an order of the same court entered July 13, 2015, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Frank Dara and Judi Dara, and upon an order dated November 23, 2016, granting the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, directed the sale of the subject property. The order entered September 5, 2017, insofar as appealed from, denied those branches of the motion of the defendants Frank Dara and Judi Dara which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale.
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the order entered September 5, 2017, is affirmed insofar as appealed from; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage encumbering residential real property owned by the defendants Frank Dara and Judi Dara (hereinafter together the Daras). In an order entered July 13, 2015, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the Daras and for an order of reference, which had been opposed by the Daras. In an order dated November 23, 2016, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale despite the Daras' opposition to the motion on the basis that the plaintiff had "unclean hands" and that they had yet to be able to conduct an examination before trial as to the validity of the assignment of the note and mortgage. On December 5, 2016, upon the order dated November 23, 2016, the court entered a judgment of foreclosure and sale directing the sale of the subject property.
Subsequently, the Daras moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale based upon the plaintiff's alleged failure to comply with RPAPL 1304 and 1306 and the doctrine of unclean hands. In an order entered September 5, 2017, the Supreme Court, among other things, denied those branches of the Daras' motion which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale.
We agree with the Supreme Court's determination to grant the plaintiff's motion for a judgment of foreclosure and sale and deny the Daras' subsequent motion to vacate it. Although the Daras argued, with respect to that branch of their motion which was to vacate the judgment of foreclosure and sale, that the plaintiff failed to establish, as a condition precedent to commencing this action, that it complied with RPAPL 1304 and 1306, the Daras did not raise this defense in opposition to the plaintiff's motion for a judgment of foreclosure and sale. Accordingly, since the Daras did not raise this defense in opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, the plaintiff did not have to disprove this defense in order to be entitled to a judgment of foreclosure and sale (see U.S. Bank N.A. v Carey, 137 AD3d 894, 896). Moreover, failure to comply with these provisions of the RPAPL is not jurisdictional (see Pritchard v Curtis, 101 AD3d 1502, 1505).
Additionally, the Daras' contention that the judgment of foreclosure and sale should be vacated pursuant to CPLR 5015(a)(3) since the plaintiff prematurely moved for summary judgment on its complaint despite their continued attempts to seek a modification of the subject mortgage is without merit. The plaintiff's conduct did not rise to the level of "immoral" or "unconscionable" conduct necessary to support a finding of "unclean hands" (see Wells Fargo Bank v Hodge, 92 AD3d 775, 776).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court