Matter of Zankowski (2022 NY Slip Op 05194)

Matter of Zankowski

2022 NY Slip Op 05194

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

PM-162-22
[*1]In the Matter of Doreen Marie Zankowski, an Attorney. (Attorney Registration No. 4446464.)

Calendar Date:May 16, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Doreen Marie Zankowski, Boxford, Massachusetts, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006. She is also admitted to the practice of law in Massachusetts, where she lists a business address with the Office of Court Administration. By March 2021 order, a full panel of the Massachusetts Supreme Judicial Court for Suffolk County suspended respondent from the practice of law for two years based upon findings that she had violated three provisions of the Massachusetts Rules of Professional Conduct by, among other things, dishonestly and "intentionally bill[ing multiple clients] for services that were not rendered" (Matter of Zankowski, 487 Mass 140, 141 [2021]).[FN1] Respondent remains so suspended in Massachusetts to date. Notably, she failed to provide notice to this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of her Massachusetts discipline as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
AGC now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of her misconduct and resulting discipline in Massachusetts.[FN2]
Respondent apologizes for her failure to provide the required notice in her submission in response and requests that any suspension ordered by this Court be imposed retroactively, nunc pro tunc, so that it would expire at the same time as her Massachusetts suspension in December 2022. AGC, by leave of this Court (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]), has submitted a reply opposing respondent's request that any sanction be imposed retroactively and respondent, by permission, has submitted a surreply.
Initially, in light of the fact that respondent raises no substantive defenses to the imposition of discipline in this state as set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 177 AD3d 1079, 1080 [3d Dept 2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). To that end, we take note of the serious nature of respondent's misconduct in Massachusetts, which is aggravated by both her failure to properly advise this Court and AGC of her discipline in that state (see Matter of Harmon, 191 AD3d 1149, 1152 [3d Dept 2021]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]) and Office of Court Administration records demonstrating that her attorney registration is currently delinquent, inasmuch as she has failed to timely register for the biennial period beginning in 2022 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468—a [Roberts], 197 AD3d 815, 815-816 [3d Dept 2021]).
We also observe the absence of any substantive mitigating factors presented [*2]for our review and the presence of further matters in aggravation, such as the findings of respondent's lack of candor in the context of the Massachusetts disciplinary proceedings (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [f]), her lack of remorse for her misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]), and her substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). Accordingly, we conclude that a sanction consistent with the two-year suspension from the practice of law imposed in Massachusetts is appropriate in this state (see e.g. Matter of Rosenthal, 57 AD3d 1085, 1086 [3d Dept 2008], lv denied 12 NY3d 739 [2009], cert denied 558 US 820 [2009]; Matter of Larsen, 50 AD3d 41, 47 [1st Dept 2008]; see generally Matter of Ziankovich, 192 AD3d 180, 184-185 [1st Dept 2021]; Matter of Kachroo, 180 AD3d 183, 188 [1st Dept 2020], lv denied 35 NY3d 917 [2020]). Finally, inasmuch as we perceive no basis in the record to grant respondent's request for a retroactive sanction, said suspension will be effective immediately.
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: It is noted that this decision was later amended in May 2021 to reflect the fact that respondent would be credited with the six months' suspension she had previously served as a result of an earlier November 2019 order by a single Justice of the Massachusetts Supreme Judicial Court for Suffolk County in this matter which was subsequently rejected and revised to a two-year suspension by the full panel of the court as noted above.

Footnote 2:AGC points out that respondent's professional misconduct in Massachusetts also constitutes professional misconduct in New York, inasmuch as the sustained rule violations are substantially similar or identical to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5 (a); 8.4 (c) and (h).