Matter of Lindsay v Duncan (2025 NY Slip Op 02782)

Matter of Lindsay v Duncan

2025 NY Slip Op 02782

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-01981
 (Docket No. U-8086-23)

[*1]In the Matter of Chevette S. Lindsay, respondent, 
v
Oneil Duncan, appellant. Oneil Duncan, Mount Vernon, NY, appellant pro se.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (D. Alan Rosinus, Jr., and Devin Slack of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated January 12, 2024. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated September 21, 2023, which denied the father's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of child support dated September 16, 2015.
ORDERED that the order dated January 12, 2024, is affirmed, without costs or disbursements.
The mother and the father have one child together, born in 2001. In May 2022, the father moved, in effect, to vacate an order of child support dated September 16, 2015 (hereinafter the September 2015 order of support) on the grounds that the Family Court lacked personal and subject matter jurisdiction. In an order dated September 21, 2023, a Support Magistrate denied the father's motion. The father filed objections to the Support Magistrate's order. In an order dated January 12, 2024, the court denied the father's objections. The father appeals.
Pursuant to CPLR 5015(a)(4), a court may relieve a party from an order or judgment where the court "lack[ed] . . . jurisdiction to render the judgment or order." "A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Taylor, 230 AD3d 457, 458).
The New York State Constitution confers jurisdiction over actions for the support of dependents upon the Family Court (see NY Const, art VI, § 13[b][4]). Pursuant to Family Court Act § 411, the Family Court has exclusive original jurisdiction over proceedings for support or maintenance under article 4 of the Family Court Act, including interstate proceedings pursuant to the Uniform Interstate Family Support Act under article 5-B of the Family Court Act (see id. §§ 411, 580-401). Additionally, Family Court Act § 439(a) empowers support magistrates "to hear, determine and grant any relief within the powers of the court in any proceeding under," inter alia, articles 4 and 5-B, to establish child support.
Here, the father waived the issue of personal jurisdiction when he entered an appearance and engaged in proceedings in relation to the mother's child support petition without objecting to the Family Court's jurisdiction (see Matter of Santos v Rivera, 169 AD3d 696, 698; Matter of Stanford v Job, 113 AD3d 782, 783). Additionally, the court had subject matter jurisdiction, as the court had both constitutional and statutory authority to determine the mother's petition to establish child support (see NY Const, art VI, § 13[b][4]; Family Ct Act §§ 411, 439[a]; 580-401). Consequently, the court had both personal and subject matter jurisdiction to hear this case and enter the September 2015 order of support.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order denying the father's motion, in effect, to vacate the September 2015 order of support.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court