■ In the Matter of CHIRAYU A. PATEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [842 NYS2d 585]—

Per Curiam. Respondent was admitted to practice by this Court in 1997. He maintains an office for the practice of law in New Jersey, where he was admitted to the bar in 1996.

By order filed March 9, 2005, the Supreme Court of New Jersey reprimanded respondent for negligent misappropriation of trust funds and failure to comply with attorney recordkeeping requirements. According to the New Jersey decision, several client ledger balances became negative in 2002 in the total amount of $2,372.28 due to poor bookkeeping. In addition, an overdraft occurred on respondent's attorney trust account that year. Respondent had a clean disciplinary record prior to the misconduct, made deposits in his attorney trust account to make up the shortfalls, and has taken steps to prevent a recurrence of the problem.

Petitioner moves for an order imposing reciprocal discipline

upon respondent (see 22 NYCRR 806.19). Respondent has submitted an affidavit in response to the motion.

Petitioner advises that respondent has not filed a copy of the New Jersey disciplinary order as required by this Court's rules (see 22 NYCRR 806.19 [b]). We note that it is the responsibility of an attorney to file, within 30 days of the date of a disciplinary order in another jurisdiction, a copy of said order with this Court. Moreover, the failure of the attorney to do so may be deemed professional misconduct (see 22 NYCRR 806.19 [b]).

Under the circumstances presented, we grant petitioner's motion and we further conclude that, in the interest of justice, a reciprocal censure is the appropriate disciplinary sanction herein.

Crew III, J.P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured.