Matter of Patel (2018 NY Slip Op 08229)





Matter of Patel


2018 NY Slip Op 08229


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018


[*1]In the Matter of CHIRAYU AARON PATEL, an Attorney. (Attorney Registration No. 2797876)

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1997. He currently maintains a law office in New Jersey, where he was admitted in 1996. He was also admitted in the District of Columbia in 1998.
By October 2017 order, respondent was disbarred by the Supreme Court of New Jersey due to his participation in a fraudulent lending scheme (Matter of Patel, 231 NJ 15 [2017]). Specifically, respondent was found to have knowingly misappropriated trust and escrow funds, to have failed to promptly deliver funds to a client or third party having an interest in the funds, to have knowingly made a false statement of material fact to a disciplinary authority, to have engaged in criminal conduct reflecting adversely on a lawyer's honesty, trustworthiness or fitness and to have engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (see New Jersey Rules of Professional Conduct, rules 1.15 [a], [b]; 8.1 [b]; 8.4 [b] [c]). The District of Columbia Court of Appeals thereafter disbarred respondent by October 2018 order (Matter of Patel, 190 A3d 210 [DC 2018]). Now, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), by order to show cause marked returnable October 15, 2018, moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey and the District of Columbia. Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
[FN1]
Turning to the issue of the appropriate disciplinary sanction, we take note that an attorney's knowing misappropriation of client funds constitutes one of the "most serious violation[s] of an attorney's ethical obligations" and cannot be tolerated (Matter of Plimpton, 120 AD3d 1486, 1487 [2014] [internal quotation marks and citation omitted]). Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent must be disbarred in this state (see Matter of Canney, 165 AD3d 1461 [2018]; Matter of Carroll, 152 AD3d 1156, 1157 [2017]).
McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that, by August 2007 order, this Court censured respondent on the basis of his public reprimand in New Jersey for the negligent misappropriation of trust funds and failure to comply with attorney recordkeeping requirements (43 AD3d 549 [2007]).