Matter of Jones (2023 NY Slip Op 00361)

Matter of Jones

2023 NY Slip Op 00361

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

PM-04-23
[*1]In the Matter of Christopher Steven Jones, a Suspended Attorney. (Attorney Registration No.4255410.)

Calendar Date:October 31, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent, who was previously admitted to practice in Illinois in 1997 and in his home state of Florida in 2000, was admitted to practice by this Court in 2004, but was thereafter suspended by May 2019 order of this Court due to his longstanding registration delinquency beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1730 [3d Dept 2019]). In May 2016, respondent entered a nolo contendre plea to a single count of the Florida felony of trespass in structure or conveyance with a deadly weapon (see Florida Stat Ann § 810.08 [2] [c]). Thereafter, respondent was suspended for an 18-month term, upon his consent, by the Supreme Court of Florida for his violation of Rule 4-8.4 (b) of the Rules Regulating the Florida Bar (see The Florida Bar v Jones, 2016 WL 6825816, *1 [Fl Sup Ct 2016]). He was later twice found in contempt of the Florida suspension orders (see Rules Regulating the Florida Bar, rule 3-5.1 [h]), however, and was ultimately disbarred in October 2017 by the Supreme Court of Florida.[FN1]
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves, by order to show cause marked returnable October 31, 2022, to, among other things, impose discipline upon respondent as a consequence of the findings of misconduct made against him in Florida (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to AGC's motion; thus we find that he has waived his available defenses and deem his misconduct established (see Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]; Matter of Colby, 156 AD3d 1215, 1215-1216 [3d Dept 2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]).[FN2]
Turning to the issue of the appropriate disciplinary sanction for respondent's misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [c]), we note that respondent's misconduct is aggravated by his failure to notify this Court and AGC of his Florida criminal conviction (see Judiciary Law § 90 [4] [c]) and of his Florida misconduct, ultimately resulting in his disbarment (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Matter of Vega, 147 AD3d 1196, 1198 [3d Dept 2017]), and by his longstanding registration delinquency in this state (see Matter of McSwiggan, 169 AD3d 1248, 1250 [3d Dept 2019]; Matter of Hernandez, 156 AD3d 1109, 1111 [3d Dept 2017]). Accordingly, given the seriousness of respondent's established misconduct in Florida and his demonstrated disregard for his fate an as attorney in this state (see Matter of Hankes, 210 AD3d at 1283; Matter of McSwiggan, 169 AD3d at 1250), we find that in order to protect the public, maintain the honor and integrity of the legal profession and deter others from engaging in similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYRCC] § 1240.8 [b] [2]), respondent should be disbarred [*2]in this state.[FN3]
Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and dismissed in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: In December 2016, respondent was reciprocally suspended by the US District Court for the Southern District of Florida based on the judgment entered against him in Florida. In March 2021, respondent was reciprocally disbarred by the Supreme Court of Illinois (see Ill Sup Ct Rules, rule 763).

Footnote 2: We note that respondent's established misconduct in Florida pursuant to Rule 4-8.4 (b) of the Rules Regulating the Florida Bar would also constitute misconduct in this state, inasmuch as that rule is nearly identical to Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b).

Footnote 3: In light of this result, AGC's request for the imposition of discipline pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 has been rendered academic.