Matter of Durkin (2023 NY Slip Op 05179)

Matter of Durkin

2023 NY Slip Op 05179

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

PM-243-23
[*1]In the Matter of Dennis A. Durkin, an Attorney. (Attorney Registration No. 2356160.)

Calendar Date:September 18, 2023

Before:Garry, P.J., Clark, Aarons, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Martin Clearwater & Bell LLP, New York City (Peter T. Crean of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1990, following his 1982 admission in his home state of New Jersey. Following lengthy disciplinary proceedings over the course of six years pertaining to respondent's representation of multiple clients, the Supreme Court of New Jersey suspended respondent from practice in that state for a one-year term by September 2020 order, with his reinstatement subject to certain conditions, including submissions of monthly reconciliations of his attorney trust account on a quarterly basis for two years and auditing, among other things. Respondent remains suspended in New Jersey to date and, by order to show cause, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state as a consequence of his New Jersey misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent opposes the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In defense, an attorney may assert that the disciplinary proceedings in the foreign jurisdiction lacked due process; that there was an infirmity of proof establishing the misconduct; or that the alleged misconduct forming the basis of discipline in the foreign jurisdiction would not constitute misconduct in New York (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, respondent's opposition papers do not raise any of the affirmative defenses; thus, the defenses have been waived, but it is noted that the lengthy disciplinary proceedings in New Jersey with multiple layers of review establish that respondent received due process and that the disciplinary findings did not suffer from an infirmity of proof (see Matter of Hoines, 185 AD3d 1349, 1349-1350 [3d Dept 2020]; Matter of McCarthy, 166 AD3d 1465, 1466 [3d Dept 2018]). Moreover, as AGC argues, respondent's misconduct in New Jersey, as established by those proceedings, would constitute violations of this state's rules, as most of the specific New Jersey rules found violated by the Supreme Court of New Jersey are largely similar to New York's applicable rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.4 [a] [3], [4]; 1.5 [a], [b], [c]; 1.15; 4.1; 8.4 [c]). Given this, we partially grant AGC's motion,[FN1] find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Hoines, 185 AD3d at 1350; Matter of Abongwa, 176 AD3d 1471, 1473 [3d Dept 2019]).
In aggravation, we note, among other factors, respondent's private disciplinary history in New Jersey and his substantial experience in the law, both in this state and in New Jersey (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). We also note several mitigating factors, including the imposition of the New Jersey suspension[*2](see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]) and respondent's history of pro bono and volunteer work and positive character affirmations (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]).
While we may consider the sanction imposed by a foreign jurisdiction, we are not obliged to impose the same sanction that was imposed by the foreign tribunal (see Matter of Yiheng Lou, 206 AD3d 1221, 1224 [3d Dept 2022]; Matter of Hoines, 185 AD3d at 1350; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). We note that respondent's misconduct in New Jersey, as established by the proceedings in that jurisdiction, is serious. In consideration of all the facts and circumstances presented, in order to protect the public, maintain the honor and integrity of the profession or deter others from engaging in similar misconduct, we suspend respondent for a period of six months, and further condition his reinstatement in New York upon his reinstatement in New Jersey (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [3d Dept 2018]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., Clark, Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is partially granted as set forth in the decision above; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Although AGC seeks to impose discipline upon respondent for his purported violation of New Jersey Rules of Professional Conduct, rules 1.16 (d) and 8.4 (b), we note that such charges were not sustained by the Supreme Court of New Jersey and AGC's motion is therefore denied to that limited extent.