Matter of Antoine-Belton (2024 NY Slip Op 01859)

Matter of Antoine-Belton

2024 NY Slip Op 01859

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

PM-55-24
[*1]In the Matter of Gemma Marilyn Antoine-Belton, an Attorney. (Attorney Registration No. 2573871)

Calendar Date:February 26, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Gemma Marilyn Antoine-Belton, Washington, DC, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1993, following her admission in Pennsylvania in 1985 and in the District of Columbia and in Maryland in 1986. In August 2023, the District of Columbia Court of Appeals suspended respondent from practice for a 60-day term, with 30 such days suspended, to be followed by a one-year term of probation with certain conditions. Said discipline arose from a negotiated disposition and respondent's acknowledgment therein that she had engaged in professional misconduct, including a conflict of interest, in connection with her appointment as a guardian or conservator in four separate matters. Respondent was similarly suspended for a period of 30 days by the Supreme Court of Pennsylvania for her District of Columbia misconduct. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state. Respondent has submitted an affidavit with exhibits in response to the motion and AGC has been heard in reply.
Respondent's suspension by the District of Columbia Court of Appeals arose out of findings including that respondent's professional judgment was adversely affected while serving as a guardian and conservator for an adult incapacitated ward and her failure to provide competent representation (see In re Antoine-Belton, 299 A3d 550 [DC Ct App 2023]). Respondent "freely and voluntarily acknowledged that the material facts and misconduct reflected [were] true." Accordingly, respondent and the District of Columbia Court of Appeals Board on Professional Responsibility negotiated a disposition wherein respondent would be given a 60-day suspension, with 30 of such days stayed, as well a one-year period of probation with conditions. Thereafter, the District of Columbia Court of Appeals accepted the negotiated disposition of a partially-stayed suspension, finding the discipline "justified." As to the conditions set forth, respondent was required to take certain continuing legal education credits as well as periodically meet with the manager of the Practice Management Advisory Service of the District of Columbia Bar to permit a full assessment of her practice, receive advice and adopt his recommendations for a one-year period following her suspension.
Based on the discipline respondent received in the District of Columbia and the underlying misconduct, respondent was suspended for a period of 30 days by the Supreme Court of Pennsylvania in December 2023. In February 2024, respondent was ordered to show cause by the United States District Court for the District of Maryland why the Court should not impose discipline upon her based on her District of Columbia suspension. The order to show cause immediately suspended respondent and respondent remains suspended in that jurisdiction to date.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240[*2].13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which she was sanctioned by the District of Columbia Court of Appeals. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]).
In respondent's responsive papers, she notes that she is "not contending that [her] negotiated discipline and the findings and sanctions imposed of the District of Columbia Bar should not be followed by New York." However, she requests this Court consider certain mitigating circumstances in imposing such discipline. Accordingly, she requests the Court impose identical discipline to that imposed in the District of Columbia and further requests that such discipline be imposed nunc pro tunc to the District of Columbia Court of Appeals's August 2023 order. AGC opposes this proposed sanction, noting respondent's extant suspension in Pennsylvania and Maryland, as well as the current practice conditions imposed by the District of Columbia Court of Appeals.
Based on respondent's concession to the imposition of discipline and her failure to otherwise raise any affirmative defenses pursuant to Rules for Atty Disciplinary Matters (22 NYCRR) § 1240.13 (b), she has waived ability to do so (see Matter of Chechelnitsky, 192 AD3d 1453, 1453 [3d Dept 2021]). Accordingly, our attention is directed to the sanction to be imposed, as well as the relevant aggravating factors and mitigating factors. Here, respondent has admitted to a pattern of misconduct in relation to her duties as a conservator and/or guardian in four separate matters spanning from 2012 to 2016 (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]-[d]). Furthermore, respondent's misconduct was committed during her representation of especially vulnerable clients for her own financial gain, or for the financial gain of her family (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [h]). However, there are also mitigating factors present, including her voluntary disclosure and compliance with the investigating District of Columbia Hearing Committee and their imposition of discipline (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e], [k]).
While we may consider the sanction imposed by a foreign jurisdiction, we are not obliged to impose that same sanction (see Matter of Durkin, 220 AD3d 1046, 1048 [3d Dept 2023]; Matter of Haar, 212 AD3d 1072, 1074 [3d Dept 2023]). Accordingly, while this Court has imposed suspensions [*3]nunc pro tunc to the effective date of foreign suspension orders, the respondents in those cases have typically already been reinstated to good standing in the foreign jurisdiction at the time that we have considered the matter (see Matter of Freeman, 190 AD3d 1251, 1252 [3d Dept 2021]; Matter of Couloute, 174 AD3d 1031, 1033 [3d Dept 2019]; Matter of Chechelnitsky, 92 AD3d at 1453). Here, there is "no basis in the record to grant respondent's request for a retroactive sanction" based on the significant aggravating factors (Matter of Zanowski, 208 AD3d 1495, 1497 [3d Dept 2022]; see Matter of Hoover, 196 AD3d 994, 995 n 2 [3d Dept 2021]). As such, we find that a 60-day suspension is an appropriate sanction, effective from the date of this Court's order, in order to protect the public, maintain the honor and integrity of the profession and to deter others from engaging in similar misconduct (see Matter of Renna ___ AD3d ___, 2024 NY Slip Op 01376 [3d Dept 2024]; Matter of Durkin, 220 AD3d at 1048).
Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of 60 days, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.