Matter of White (2025 NY Slip Op 06383)

Matter of White

2025 NY Slip Op 06383

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

PM-267-25
[*1]In the Matter of Andrew Steven White, a Suspended Attorney. (Attorney Registration No. 2325942.)

Calendar Date:September 29, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Lynch and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Andrew Steven White, Hamden, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1990, following his 1989 admission in Connecticut, where he maintains a business address with the Office of Court Administration.[FN1] By January 2014 order of this Court, however, respondent was suspended from the practice of law in New York for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2008 (Matter of Attorneys In Violation of Judiciary Law § 468, 113 AD3d 1020, 1056 [3d Dept 2014]; see Judiciary Law § 468-a [5]). Respondent remains so suspended to date and has been delinquent in his statutory registration obligations for nine consecutive biennial periods.
In November 2024, respondent was suspended by the Superior Court of Connecticut for the Judicial District of Waterbury for a period of six months with additional conditions upon his admission that he failed to act with reasonable diligence and promptness in representing a client and failed to promptly deliver to the client any funds he was entitled to receive (see Conn Rules of Prof Conduct rules 1.3, 1.15 [e]). Respondent's misconduct stemmed from his representation of a dentist in various debt collection actions over several years. Over the course of the investigation, respondent conceded that he failed to remit settlement funds to the client in a timely manner on three occasions, that he failed to timely commence certain debt collection actions on behalf of the client, and that he failed to properly handle and diligently pursue certain actions.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established professional misconduct in Connecticut. However, respondent cross-moves for an order permitting him to resign from the New York bar while AGC's proceeding to impose discipline upon him is pending (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10). Respondent has also been heard in response to AGC's motion, and AGC likewise opposes respondent's cross-motion.
Addressing respondent's cross-motion first, we note that that an attorney seeking to resign while a disciplinary proceeding is pending must, among other things, properly "set[ ] forth the specific nature of the charges or the allegations under investigation" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10 [a]). In this respect, we note that respondent's affidavit failed to provide any detail concerning the allegations of his failure to act with reasonable diligence and promptness in representing his client or failure to promptly deliver his client funds (see Matter of Meagher, 178 AD3d 1351, 1352 [3d Dept 2019]). Accordingly, we deny respondent's cross-motion to resign during the pendency of this [*2]proceeding and turn to the merits of AGC's motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In response to AGC's application here, respondent does not assert any of his available defenses pursuant to Rules for Attorney Disciplinary Matters § 1240.13 (b), instead submitting an affidavit indicating he is "not in a position to fight the allegations." Accordingly, we find that such defenses are waived (see Matter of Hediger, 230 AD3d 847, 848-849 [3d Dept 2024]; Matter of Brammer, 227 AD3d 1219, 1221 [3d Dept 2024]).[FN2] Nonetheless, we find that respondent's underlying misconduct in Connecticut for which he was disciplined in that state would violate Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.3 (a) and 1.15 (e) (see Matter of Beyer, 241 AD3d 1700, 1700 [3d Dept 2025]; compare Conn Rules of Prof Conduct rule 1.3, with Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.3 [a]). Accordingly, we turn our attention to the sanction to be imposed.
We are not limited to the imposition of the same sanction as that imposed by the foreign tribunal; instead, this Court is "charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023] [internal quotation marks and citation omitted]). AGC cites several aggravating factors, including respondent's substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]; see also Matter of Swayze, 230 AD3d 906, 907 [3d Dept 2024]), and his failure to report his discipline within 30 days of its imposition in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Mendelsohn, 230 AD3d 943, 945-946 [3d Dept 2024]). Moreover, respondent has expressed a disinterest in his fate as an attorney in this state, as reflected by his 11-year suspension based on his failure to comply with his attorney registration obligations in this state, his continued delinquency for nine consecutive biennial periods (see Matter of Shedlick, 234 AD3d 1101, 1103 [3d Dept 2025]; Matter of Aljaludi, 226 AD3d 1254, 1256 [3d Dept 2024]), as well as his overall acquiescence to discipline in this state. Moreover, we are mindful that respondent's actions prejudiced his client in more than one instance, given that the client was deprived of instituting various collection actions based on respondent's lack of diligence (see Matter of Grey, 122 AD2d 626, 663 [3d Dept 1986]; see also ABA Standards for Imposing Lawyer Sanctions standard 4.42 [b]). We therefore conclude, upon consideration of all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter other from committing similar misconduct, that respondent [*3]should be suspended from the practice of law in this state for six months and one day (see Matter of Grey, 122 AD2d at 663).
Garry, P.J., Aarons, Reynolds Fitzgerald, Lynch and Powers, JJ., concur.
ORDERED that respondent's cross-motion seeking to resign pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 is denied; and it is further
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for six months and one day, effective immediately, and until further notice of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: Respondent was also admitted to practice in California; however, he was administratively suspended in that state in 2009.

Footnote 2: Notwithstanding respondent's lack of opposition to AGC's motion respecting the founded violations of misconduct, we note that respondent was provided with due process in the Connecticut disciplinary proceeding and there was no infirmity of proof, as respondent meaningfully participated in that proceeding and agreed to its disposition.