Matter of Yanowitch (2025 NY Slip Op 07360)

Matter of Yanowitch

2025 NY Slip Op 07360

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

PM-289-25
[*1]In the Matter of Peter James Yanowitch, an Attorney. (Attorney Registration No. 2201374.)

Calendar Date:November 24, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Scalise & Hamilton P.C., Scarsdale (Deborah A. Scalise of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1988, and he has also been admitted in the District of Columbia and in Florida, where he maintains a business address with the Office of Court Administration. In 2019, respondent was publicly reprimanded, upon his consent, by the Supreme Court of Florida. Said discipline arose from a negotiated disposition and respondent's acknowledgment therein that he had engaged in professional misconduct constituting a conflict of interest in connection with his representation of a client seeking to obtain an E-2 investor visa (see Rules Regulating the Florida Bar rules 4-1.7; 4-1.8). Respondent was subsequently suspended for 90 days and was ordered to pay a separate client restitution in the amount of $100,000 in 2021, upon his consent, by the Supreme Court of Florida. Said discipline arose out of his representation of that client in an international divorce dispute (see Rules Regulating the Florida Bar rules 4-1.4 [a] [4]; [b]; 4-1.5 [a], [e] [1]; 5-1.1 [a], [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state. Respondent has been heard in response and consents to the imposition of discipline in this state.
Upon an application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, the attorney must demonstrate why discipline should not be imposed in New York for the underlying misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [a]). In response to such an application, the attorney may file an affidavit asserting any of three defenses as provided in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) (see Matter of Beckett, 241 AD3d 1034, 1034 [3d Dept 2025]). Here, inasmuch as respondent has acknowledged that we may discipline him upon his established Florida misconduct and has not asserted any of the defenses available to him, we find that such defenses are waived (see Matter of White, ___ AD3d ___, ___, 2025 NY Slip Op 06383, *2 [3d Dept 2025]; Matter of Beckett, 241 AD3d at 1034), and turn to the sanction to be imposed.[FN1]
We are not limited to the imposition of the same sanction as that imposed by the foreign tribunal; instead, we are charged with "crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Lee, 238 AD3d 1316, 1317 [3d Dept 2025]). That said, we frequently imposes the same sanction as that imposed by the foreign jurisdiction (see e.g. Matter of Jones, 212 AD3d 1068, 1069-1070 [3d Dept 2023]), unless additional factors warrant a downward departure (see e.g. Matter of Durkin, 220 AD3d 1046, 1048 [3d Dept 2023]) or upward departure (see e.g. Matter of Yiheng Lou, 206 AD3d 1221, 1224-1225 [3d Dept 2022]).
AGC cites several aggravating factors, including respondent's substantial experience in the practice of law and his engagement [*2]in multiple distinct offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d], [i]; see also Matter of Swayze, 230 AD3d 906, 907 [3d Dept 2024]), as well as his failure to report the 2019 public reprimand within 30 days of its imposition in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Mendelsohn, 230 AD3d 943, 945-946 [3d Dept 2024]).[FN2] While AGC also cites respondent's prior disciplinary history as an aggravating factor, we note that the 2019 referee report cited respondent's lack of disciplinary history as a mitigating factor. Accordingly, respondent's lack of disciplinary history over his career outside of the misconduct at issue tends to mitigate against a severe sanction, as respondent suggests (see Matter of Kashani,232 AD3d 1105, 1109 [3d Dept 2024]; Matter of Chechelnitsky, 192 AD3d 1453, 1444 [3d Dept 2021]). In mitigation, respondent has expressed remorse for his actions — including his failure to report the 2019 public reprimand (see Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]; see also ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]) — and has noted his compliance with all disciplinary proceedings initiated against him (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]). He has also submitted a character letter evincing his upstanding reputation in the legal community.
Nonetheless, the record reflects that respondent's misconduct — which included, among other misconduct, the mismanagement of client funds, his failures with respect to a retainer agreement and his failure to communicate the basis and rate of his fee — have historically warranted discipline by this Court (see Matter of Galasso, 19 NY3d 688, 694 [2012]; see e.g. Matter of Orseck, 227 AD3d 1222, 1223 [3d Dept 2024]; Matter of Toomey, 219 AD3d 1596, 1597 [3d Dept 2023]; Matter of Reul, 211 AD3d 1309, 1311 [3d Dept 2022]; Matter of Johnson, 182 AD3d 899, 900-901 [3d Dept 2020]). Accordingly, in consideration of the various aggravating and mitigating factors presented, and in an effort to protect the public, maintain the honor and integrity of the profession and deter others from engaging in similar misconduct, we suspend respondent for a period of 60 days (see Matter of Tan, 149 AD3d 1344, 1345 [3d Dept 2017]).
Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of 60 days, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby [*3]forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Notwithstanding the foregoing, we note that respondent was provided with due process in both Florida disciplinary proceedings, as respondent meaningfully participated in those proceedings and agreed to the dispositions. Moreover, we find that respondent's underlying misconduct for which he was disciplined would constitute misconduct in this state (see Matter of Altman, 227 AD3d 1214, 1218 [3d Dept 2024]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]; compare Rules Regulating the Florida Bar rules 4-1.5 [a]; 4-1.7; 5-1.1 [a], [b], with Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.5 [a]; 1.7; 1.15 [b], [c] [4]; see also Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.5 [d]).

Footnote 2: We do note that respondent properly reported the 2021 suspension to AGC, as well as to the Office of Disciplinary Counsel for Washington DC.