Matter of Caruso

2026 NY Slip Op 03355

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Dominic Vincent Caruso, an Attorney. (Attorney Registration No. 2001303)

Decided and Entered:May 28, 2026

PM-114-26

Calendar Date: May 11, 2026

Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Dominic

Vincent Caruso, Clifton, New Jersey, respondent pro se.

[*1]

Per Curiam.

Respondent was admitted to practice by this Court in 1985, following his admission in New Jersey, where he maintains a business address with the Office of Court Administration. In 2021, following a hearing, respondent was suspended by the Supreme Court of New Jersey for a period of six months after it was found that respondent had negligently misappropriated client funds in violation of New Jersey Rules of Professional Conduct rule 1.15 (a). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state. Respondent has been heard in response and requests that we forego the imposition of reciprocal discipline.

Upon an application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, the attorney must demonstrate why discipline should not be imposed in New York for the underlying misconduct (see Rules for Atty Disciplinary Mattersw [22 NYCRR] § 1240.13 [a]). In response to such an application, the attorney may file an affidavit asserting any of three defenses as provided in Rules for Attorney Disciplinary Matters § 1240.13 (b) (see Matter of Beckett, 241 AD3d 1034, 1034 [3d Dept 2025]). Specifically, an attorney may assert (1) that the disciplinary hearing in the foreign jurisdiction lacked the requisite notice and opportunity to be heard such that the respondent was deprived of his or her due process, (2) that there was an infirmity of proof establishing the misconduct, and/or (3) that the alleged misconduct forming the basis for discipline in the foreign jurisdiction does not constitute misconduct in New York (see Rules for Atty Disciplinary Matters § 1240.13 [b]). Having reviewed the parties' submissions, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Matter of Durkin, 220 AD3d 1046, 1047 [3d Dept 2023]; Matter of Hahn, 167 AD3d 1140, 1140 [3d Dept 2018]).

We are not limited to the imposition of the same sanction as that imposed by the foreign tribunal; instead, we are "tasked with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Lee, 238 AD3d 1316, 1317 [3d Dept 2025]). That said, we frequently impose the same sanction as that imposed by the foreign jurisdiction (see e.g. Matter of Jones, 212 AD3d 1068, 1069-1070 [3d Dept 2023]), unless additional factors warrant a departure (see e.g. Matter of Durkin, 220 AD3d at 1048; Matter of Yiheng Lou, 206 AD3d 1221, 1224-1225 [3d Dept 2022]). Generally, a respondent's failure to appropriately maintain client funds in an escrow account amounts to "misconduct [that] . . . is significant and has historically warranted the imposition of serious discipline" (Matter of Orseck, 227 AD3d 1222, 1224 [3d Dept 2024]; see e.g. Matter of Hahn, 167 AD3d at 1141; Matter of Halbfish, 78 AD3d 1320 [3d Dept 2010[*2]]; Matter of Patel, 43 AD3d 549 [3d Dept 2007]).FN1

In aggravation, AGC notes that, in his most recent biennial statement, respondent falsely attested that he was not the subject of discipline in any jurisdiction (see Rules of Chief Admr of Cts [22 NYCRR] §§ 118.1 [e] [4];118.3 [c] [14]). We also note that respondent has substantial experience in the practice of law and does not appear to fully acknowledge the wrongful nature of his conduct in New Jersey (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g], [i]). That said, respondent had attempted to notify this Court of his suspension at the time of his suspension, although he sent such notice to the wrong entity. Moreover, respondent does not have a prior disciplinary record, no dishonest or selfish motive is apparent, he was cooperative with the New Jersey disciplinary proceeding, the conduct underlying his misconduct occurred over 10 years ago and he rectified his error prior to the commencement of the disciplinary investigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [b], [d], [e], [m]). Accordingly, based on the aggravating and mitigating factors presented, and in consideration of all the facts and circumstances, we conclude that a censure is appropriate (see Matter of Patel, 43 AD3d at 550).

Garry, P.J., Clark, Fisher, Mackey and Ryba, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is censured.

Footnotes

Footnote 1

Despite respondent's suggestion that he has already effectively served a suspension in this state by virtue of his restraint from practice here during the period of his suspension, we note that he was only suspended from the practice of law in New Jersey and this Court has not had the opportunity to review the allegations of misconduct.