Matter of Cimino
2026 NY Slip Op 03356
May 28, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of John A. Cimino, an Attorney. (Attorney Registration No. 1958321)

Decided and Entered:May 28, 2026
PM-115-26
Calendar Date: May 4, 2026
Before: Clark, J.P., Aarons, Ceresia, Fisher And Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
John A. Cimino, Denver, Colorado, respondent pro se.

[*1]
Per Curiam.
Respondent was admitted to practice by this Court in 1981, and he has also been admitted in Washington FN1 and in Colorado, where he presently maintains a business address with the Office of Court Administration. Between 2000 and 2021, respondent was publicly disciplined by the Supreme Court of Colorado on three occasions. In 2000, respondent was suspended from the practice of law for 30 days and ordered to attend an ethics seminar for misconduct arising out of his entry into a prohibited business transaction with a corporation while simultaneously representing that corporation (see Colorado Rules of Prof Conduct rules 1.7 [b]; 1.8 [a]). In 2007, respondent received a public reprimand with conditions for misconduct arising out of two separate client matters in which respondent, among other things, failed to act with reasonable diligence and promptness in representing those clients (see Colorado Rules of Prof Conduct rules 1.3; 5.3 [a], [b]). In 2021, respondent was suspended for six months, and that suspension was partially stayed with conditions, after it was found that he had violated multiple rules of professional conduct in connection with his representation of a client in two motor vehicle matters (see Colorado Rules of Prof Conduct rules 1.4 [a]; 1.5 [a]; 8.4 [c]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state. Respondent has been heard in response and requests leniency on the sanction to be imposed.
Upon an application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, the attorney must demonstrate why discipline should not be imposed in New York for the underlying misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [a]). In response to such an application, the attorney may file an affidavit asserting any of three defenses as provided in Rules for Attorney Disciplinary Matters § 1240.13 (b) (see Matter of Beckett, 241 AD3d 1034, 1034 [3d Dept 2025]). Here, inasmuch as respondent conceded the underlying facts that constituted his misconduct in Colorado and does not assert any of the available defenses to defeat a finding of misconduct based upon prior discipline in a foreign jurisdiction, those defenses have been waived (see Matter of Yanowitch, 244 AD3d 1701, 1702 [3d Dept 2025]; Matter of White, 243 AD3d 1112, 1113 [3d Dept 2025]), and we may turn to the sanction to be imposed.FN2
We are not limited to the imposition of the same sanction as that imposed by the foreign tribunal; instead, we are "tasked with drafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Lee, 238 AD3d 1316, 1317 [3d Dept 2025]). In this vein, AGC cites several aggravating factors, including respondent's prior disciplinary history, his dishonest or selfish motive in committing these offenses and his substantial [*2]experience in the practice of law, as well as the fact that he has committed multiple offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [b], [d], [i]). We also note that respondent failed to notify this Court that the State of Washington imposed reciprocal discipline for the aforementioned misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). While respondent points to certain personal problems as a factor to consider in mitigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c]), it is unclear how those issues in any way contributed to respondent's conduct. Further, to the extent that respondent indicates that he has no intention to practice law in this state (see generally ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]), we are mindful that, at the commencement of this proceeding, respondent maintained a business address in this state with the Office of Court Administration. Accordingly, based on the totality of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession or deter others from engaging in similar misconduct, we suspend respondent for a period of four months (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]; see also Matter of Durkin, 220 AD3d 1046, 1048 [3d Dept 2023]).
Clark, J.P., Aarons, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of four months, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another, and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1
Respondent is presently suspended from practice in Washington for his nonpayment of fees.

Footnote 2
Notwithstanding the foregoing, we note that respondent was provided with due process in the three Colorado disciplinary proceedings and there was no infirmity of proof, given that respondent was represented by counsel in each proceeding and meaningfully participated in same. Further, we find that the underlying misconduct for which respondent was disciplined would constitute misconduct in this state.