■ In the Matter of DANIEL D. HEDIGER, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [842 NYS2d 740]—

Per Curiam. Respondent was admitted to practice by this Court in 1995. He maintains a law office in New Jersey, where he was admitted to the bar in 1995.

By decision in June 2000, this Court suspended respondent from practice indefinitely for failure to comply with the attorney registration requirements (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 273 AD2d 600 [2000]). He remains so suspended to date.

By orders in July 2007 (192 NJ 105, 927 A2d 110 [2007]; 192 NJ 108, 927 A2d 112 [2007]), the Supreme Court of New Jersey censured respondent for, among other things, lack of diligence, failure to promptly deliver funds to a third party, improper use of a firm name, failure to cooperate with the New Jersey disciplinary authorities, failure to communicate with a client, and record keeping violations. The orders required respondent,

for a period of two years and until further order of that court, to submit quarterly reconciliations of his attorney accounts prepared by a certified public accountant to the New Jersey Office of Attorney Ethics and to submit to supervision of his practice by a practicing attorney.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has not replied to or appeared in response to the motion. We note that respondent has not filed the New Jersey Supreme Court orders of discipline as required by this Court's rules (*see* 22 NYCRR 806.19 [b]).

We grant petitioner's motion and further conclude that, under the circumstances noted above, including respondent's discipline for misconduct in New Jersey, his continued suspension from practice in this state and his failure to appear in this matter, respondent should be suspended from practice indefinitely and until further order of this Court.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice indefinitely and until further order of this Court, effective immediately; and it is further ordered that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is continued to be forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall continue to comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).