Matter of Haar (2023 NY Slip Op 00365)

Matter of Haar

2023 NY Slip Op 00365

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

PM-08-23
[*1]In the Matter of Paul Saul Haar, an Attorney. (Attorney Registration No. 2340149.)

Calendar Date:October 24, 2022

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Scalise & Hamilton, P.C., Scarsdale (Deborah A. Scalise of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1990 following his admission in the District of Columbia in 1983 and in Maryland in 1989. In March 2022, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) was advised by respondent's counsel that he had been suspended in February 2022 for a seven-month term by the District of Columbia Court of Appeals for using his clients' advanced payment of flat fees as payment to him upon receipt, in violation of a unique rule in that jurisdiction prohibiting such a practice (see District of Columbia Rules of Professional Conduct Rule 1.15 [e]), but which does not constitute misconduct in this state. However, the Court of Appeals' order also revealed respondent's previously undisclosed disciplinary history in that jurisdiction, including a 30-day suspension from practice in 1997 due to sustained findings that he had negligently misappropriated client funds during a fee dispute with a client (see In re Haar, 698 A2d 412, 425 [DC Ct of Appeals 1997]). AGC therefore now seeks to impose discipline upon respondent in New York as consequence of his negligent misappropriation in 1997 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). AGC's motion was originally marked returnable on October 10, 2022, but the return date has been adjourned to October 24, 2022 upon the request of respondent. Respondent submitted papers in response to the motion dated October 20, 2022.
AGC avers that disciplining respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate, as his misconduct in the District of Columbia, as established by the District of Columbia Court of Appeals, also constitutes misconduct in this state. The rule at issue — former District of Columbia Disciplinary Rule 9-103 (A) (2) — prohibited a lawyer from drawing on funds in his or her possession if the client disputed the fee. This provision is substantially similar to former Code of Professional Responsibility DR 9-102 (B) (4) (22 NYCRR 1200.46 [B] [4]), which provision was applicable at the time of respondent's misconduct in the District of Columbia, and which rule is identical to the current Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (b) (4).
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In defense, an attorney may assert that the foreign disciplinary proceedings lacked due process; that there was an infirmity of proof establishing the misconduct; or that the alleged misconduct forming the basis of discipline in the foreign jurisdiction would not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, the 1997 District of Columbia Court of Appeals decision established [*2]that respondent had violated former District of Columbia Disciplinary Rule 9-103 (A) (2). Given that respondent does not raise any of the defenses specified in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) and does not contest that the 1997 suspension order issued by the District of Columbia Court of Appeals renders him subject to discipline in New York, we find the misconduct established, grant AGC's motion in that respect and turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Zankowski, 208 AD3d 1495, 1496 [3d Dept 2022]).
To that end, we are not obligated to impose the same sanction utilized by the foreign tribunal, but rather we are charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession and deters others from engaging in similar misconduct (see Matter of Yiheng Lou, 206AD3d 1221, 1224 [3d Dept 2022]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). In aggravation, AGC notes that respondent failed to report the 1997 suspension to it and this Court, and similarly failed to provide notice of the reciprocal suspension issued by Maryland following respondent's 1997 suspension (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.19 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).
In mitigation, respondent expresses his sincere apologies for not informing the Court and AGC of the 1997 suspension and demonstrates that he is aware of his responsibilities to notify the Court and AGC of foreign misconduct and discipline (see ABA Standards for Imposing Lawyer Sanctions Standard§ 9.32 [1]). Respondent also notes that, as an immigration attorney, he has spent more than 30 years representing indigent clients and religious and charitable organizations in immigration matters, often resulting in significant pro bono services (see ABA Standards for Imposing Lawyer Sanctions Standard § 9.32 [g]). In this regard, respondent has submitted several letters of reference, which include letters from other attorneys, former clients and colleagues, all positively testifying to his character and ethics. Respondent also cites the maintenance of his attorney registration requirements in this state (see Judiciary Law § 468-a) and the fact that he has not practiced in New York given his practice area and his adherence to both orders of suspension, refraining from practice in all jurisdictions where he is admitted to practice.
While respondent's counsel seeks a censure or, in the alternative, a 30-day suspension nunc pro tunc to February 22, 2022, the date when respondent was most recently suspended in the District of Columbia, we find respondent's conduct leading to his 1997 suspension, as established by the District of Columbia Court of Appeals decisions, coupled with respondent's failure to notify this Court and AGC of the resulting suspension, warrants more than a censure (see Matter of Gilbert, 268 AD2d [*3]67, 70-71 [1st Dept 2000]; see also ABA Standards for Imposing Lawyer Sanctions Standard § 4.12). As such, we conclude that a term of suspension is appropriate and that respondent should be suspended from the practice of law for 30 days, effective immediately.
Egan, Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of 30 days, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).