Matter of Hediger (2024 NY Slip Op 04108)

Matter of Hediger

2024 NY Slip Op 04108

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

PM-149-24
[*1]In the Matter of Daniel David Hediger, a Suspended Attorney. (Attorney Registration No. 2697399)

Calendar Date:June 10, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah D. McShea of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1995 and is also admitted in New Jersey, Connecticut and Pennsylvania. However, respondent was suspended from practice in this state by June 2000 order as a consequence of his longstanding registration delinquency (273 AD2d 600, 602 [3d Dept 2000]), was further suspended by October 2007 order as a consequence of misconduct committed in New Jersey (44 AD3d 1086 [3d Dept 2007]) and he remains so suspended in New York to date. Respondent has since been suspended for three months by the Supreme Court of New Jersey in a May 2023 order upon a finding that he had failed to comply with New Jersey's trust account record-keeping requirements, among other misconduct (253 NJ 563 [2023]). Based on respondent's suspension in New Jersey, he was also suspended for three months in both Connecticut and Pennsylvania and remains so suspended in those jurisdictions to date. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has also discovered that New Jersey imposed reprimands upon respondent in 2004 and 2008, and censured him in 2010 and 2011 — none of which sanctions had been reported to AGC. AGC now therefore moves to impose discipline upon respondent in this state as a consequence of his 2004, 2008, 2010, 2011 and 2023 New Jersey misconduct. Respondent has been heard in response to the motion and consents to the imposition of an "appropriate measure" of discipline by this Court.
Following receipt of a grievance complaint about respondent in October 2019, the New Jersey Office of Attorney Ethics (hereinafter OAE) initiated an audit and demanded certain records, with the resultant findings ultimately becoming the basis of respondent's 2023 suspension. Although respondent partially complied with the record demands, after several attempts by the OAE to obtain the outstanding records, he ultimately failed to fully cooperate in violation of New Jersey Rules of Professional Conduct, rule 8.1 (b). Based on the partial records provided by respondent as well as certain admissions made by respondent during an ethics hearing and before the Supreme Court of New Jersey, respondent was also found to have violated New Jersey Rules of Professional Conduct, rule 1.15 (d) for failing to comply with appropriate record-keeping requirements. The New Jersey Disciplinary Review Board considered respondent's "lengthy disciplinary history, consisting of two reprimands and four censures in a seven-year period," including his fourth violation of New Jersey Rules of Professional Conduct, rule 1.15 (d). The Disciplinary Review Board determined that respondent's past sanctions were "insufficient to ensure his appreciation of the record-keeping requirements and to bring about his compliance" and the Supreme Court of New Jersey adopted these findings and ultimately imposed a three-month suspension and directed his completion of certain educational courses and monitorship. Respondent was thereafter reinstated [*2]to the practice of law in New Jersey by September 2023 order. Respondent timely reported this discipline to the Court; however, in doing so, it was revealed that he failed to disclose the other misconduct as discussed by the Supreme Court of New Jersey in its order. As such, AGC also seeks in its motion to impose discipline in this state for this additional misconduct.
Respondent's 2004 New Jersey reprimand was based upon respondent's gross negligence in violation of New Jersey Rules of Professional Conduct, rule 1.1 (a), failure to act with diligence in violation of New Jersey Rules of Professional Conduct, rule 1.3, failure to communicate with a client and comply with a client's reasonable requests in violation of New Jersey Rules of Professional Conduct, rule 1.4 (a) and failure to cooperate with disciplinary authorities in violation of New Jersey Rules of Professional Conduct, rule 8.1 (b). Thereafter, respondent received a reprimand in 2008 based upon his failure to communicate with a client in violation of New Jersey Rules of Professional Conduct, rule 1.4 (b) as well as his practice of law while ineligible in violation of New Jersey Rules of Professional Conduct, rule 5.5 (a) based on his failure to pay the annual assessment to the New Jersey Lawyers' Fund for Client Protection that is required of all New Jersey attorneys.
In 2010, respondent received his first of two censures based upon his failure to record a deed on behalf of a client in violation of New Jersey Rules of Professional Conduct, rule 1.3. Respondent thereafter received his final censure in 2011 for violating New Jersey Rules of Professional Conduct, rule 1.15 (a) and (d) by failing to safeguard property and for record-keeping violations.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by the Supreme Court of New Jersey. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). In respondent's responsive papers, he states that he "will not attempt to defend or excuse [him]self in this matter" and consents to "the entry of an order imposing reciprocal discipline." Accordingly, "[b]ased on respondent's concession to the imposition of discipline and his failure to otherwise raise any affirmative defenses pursuant to Rules [*3]for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), he has waived his ability to do so" (Matter of Brammer, 227 AD3d 1219, 1221 [3d Dept 2024]; see Matter of Chechelnitsky, 192 AD3d 1453, 1453 [3d Dept 2021]). Accordingly, we turn to the sanction to be imposed, as well as the relevant aggravating and mitigating factors.
As a preliminary aggravating factor, it is noted that this Court suspended respondent by June 2000 order for conduct prejudicial to the administration of justice based on his registration obligation delinquencies, and respondent has remained so suspended for the past 24 years (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a]). However, the record also indicates that respondent is now currently registered and has cured his registration delinquencies which dated back to 1997. To this end, respondent states that he has employed the "[u]tilization of a triple calendaring and task monitoring system," among other efforts to ensure that he remains compliant with his New York attorney registration obligations in the future. We also note that respondent has a demonstrated disciplinary history in New Jersey, as addressed by October 2007 order of this Court, and has failed to report the extent of his disciplinary history — that is now the subject of this motion — to this Court (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c]-[d]; Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023]; Matter of Chechelnitsky, 192 AD3d at 1454).
In respondent's supporting affidavit to his reinstatement, he states that he takes full responsibility for his missteps and acknowledges that he failed to notify this Court of the prior disciplinary actions taken against him in New Jersey. He states that he is embarrassed by his misconduct and notes that much of his misconduct arises from his "personal inability or, more aptly, reluctance to delegate functions and responsibilities," as well as his poor organization skills (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]-[c]). He further notes that he has undertaken significant efforts to ensure this misconduct does not recur, including shifting his office policies for the intake of trust funds and employing his stepson to ensure he meets upcoming deadlines.
While this Court may consider the sanction imposed by a foreign jurisdiction, we are not obliged to impose that same sanction (see Matter of Durkin, 220 AD3d 1046, 1048 [3d Dept 2023]; Matter of Haar, 212 AD3d 1072, 1074 [3d Dept 2023]). Accordingly, in consideration of the serious and lengthy history of misconduct that respondent committed, as well as the mitigating factors, including the imposition of sanction in New Jersey (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]), we find that a 90-day suspension is an appropriate sanction (see Matter of Haar, 212 AD3d at 1074-1075; Matter of Kreis, 180 AD3d 5, 11 [1st Dept 2019]). We further find that the circumstances warrant this suspension [*4]be effective nunc pro tunc to May 2, 2023 — the date of his New Jersey suspension order (see Matter of Freeman, 190 AD3d 1251, 1252 [3d Dept 2021]; Matter of Couloute, 174 AD3d 1031, 1033 [3d Dept 2019]; Matter of Chechelnitsky, 92 AD3d at 1453).
Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three months, effective May 2, 2023, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).