Matter of Mendelsohn (2024 NY Slip Op 04291)

Matter of Mendelsohn

2024 NY Slip Op 04291

Decided on August 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 22, 2024

PM-167-24
[*1]In the Matter of Herbert Ira Mendelsohn, an Attorney. (Attorney Registration No. 1858950.)

Calendar Date:July 29, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Herbert Ira Mendelsohn, West Palm Beach, Florida, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1983, following his admission in Connecticut in 1982. Respondent most recently provided the Office of Court Administration with a law office address in Florida, but he does not appear to be licensed in that jurisdiction. After a 2019 random audit of respondent's trust account revealed certain deficiencies, Connecticut disciplinary authorities requested resolution of same. When respondent failed to fully cooperate, the Superior Court of Connecticut for the Judicial District of New Haven reprimanded respondent by February 2020 order. Respondent was thereafter found in contempt of the February 2020 order by December 2020 order of Superior Court. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves, by order to show cause marked returnable July 8, 2024, to impose discipline upon respondent as a consequence of his Connecticut misconduct. Respondent has been heard in response, requesting that this Court not take further action, and AGC has been heard in reply.
In November 2019, the State of Connecticut's Office of Chief Disciplinary Counsel made a formal presentment to the Superior Court of Connecticut for the Judicial District of New Haven noting that, in December 2018, respondent's trust account had been selected for a random audit. The presentment stated that respondent had "fail[ed] to provide all of the requested information and/or documentation . . . preventing the Statewide Grievance Committee from closing this audit" and that respondent had "failed and/or refused to cooperate with the audit." Accordingly, by February 2020 order, respondent was reprimanded by Superior Court. The February 2020 order also directed respondent to reimburse approximately $5,000 to his trust account on behalf of a certain estate, and obtain authority from Probate Court to disburse said funds or otherwise forward the funds to the Unclaimed Property Division of the State of Connecticut. Respondent was further directed to bring his trust account into compliance with applicable Rules of Professional Conduct, submit to quarterly audits, engage the services of a bookkeeper or accountant and take certain continuing legal education courses. However, in October 2020, the Office of Chief Disciplinary Counsel brought a motion for contempt against respondent, alleging that he had failed to comply with the February 2020 order. Specifically, the motion stated that respondent had failed to obtain the authority from Probate Court to disburse certain trust funds or otherwise forward the funds to the Unclaimed Property Division, had failed to cooperate with the required audits and had further failed to produce the documents requested by the Statewide Grievance Committee. This motion was granted and respondent was found in contempt by December 2020 order of Superior Court.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for [*2]Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by Superior Court. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]).
AGC contends that discipline is appropriate in this instance as respondent's misconduct in Connecticut constitutes misconduct in New York. Specifically, AGC notes that respondent's violation of Connecticut Rules of Professional Conduct rule 8.1 (2), which states that an attorney shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[,]" is likewise a violation of this State's Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) which prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. AGC further contends that, inasmuch as respondent's "failure to cooperate and contemptuous conduct relates to the audit of his trust account," his conduct also violates this State's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (i) and (j).
In respondent's responsive papers, he states that he "admits the substantive allegations" in AGC's supporting affidavit; however, he "disagrees" with the ultimate contempt findings by the Superior Court. Respondent submits that "any further action by the State of New York would be duplicative, unnecessary, and akin to piling on and adding a consecutive, rather than a concurrent, sanction against [him]." AGC initially notes in its reply that respondent's responsive papers were not submitted in proper form, and further, that he has failed to establish any defenses to the imposition of discipline. AGC also contends that respondent's papers demonstrate his lack of remorse "as well as his failure to even understand the wrongfulness of his misconduct."
Initially, we find that respondent's misconduct in Connecticut, specifically his failure to cooperate with disciplinary authorities and contemptuous conduct, would constitute misconduct in New York (see Judiciary Law § 750 [3]; Matter of Hediger, — AD3d ___, ___, 2024 NY Slip Op 04108, *2 [3d Dept 2024]). We further note that, although respondent's responsive papers were submitted in improper form, the substance of such papers nonetheless failed to raise any of the limited defenses to the imposition of discipline (see CPLR 2106; Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]; Rules [*3]for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). We therefore grant AGC's motion.
Turning next to the appropriate sanction to impose upon respondent, we note that we are not obliged to impose the same sanction imposed by the foreign jurisdiction (see Matter of Altman, 227 AD3d 1217, 1219 [3d Dept 2024]; Matter of Antoine-Belton, 226 AD3d 1136, 1138 [3d Dept 2024]). As such, our attention is directed to the relevant aggravating factors, including respondent's failure to report his Connecticut reprimand and contempt finding to this Court (see Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023]; Matter of Haar, 212 AD3d 1072, 1074 [3d Dept 2023]), as well as his substantial experience in law and refusal to acknowledge the wrongful nature of the conduct — as exemplified by his "disagreement" with Superior Court's contempt findings (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g], [i]). However, it is also noted that this misconduct occurred approximately five years ago and is therefore somewhat remote in time (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [m]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and to deter others from engaging in similar misconduct, we censure respondent for his misconduct (see Matter of Winograd, 184 AD3d 1073, 1076 [3d Dept 2020]).
Egan Jr., J.P., Aarons, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.